IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL GORRIO,<br>    Petitioner<br><br>    v.<br><br>COMMONWEALTH OF<br>PENNSYLVANIA,[1]<br>    Respondent | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:    No. 1:22-cv-00562<br><br>(Judge Kane) |

## MEMORANDUM

Pro se Petitioner Michael Gorrio ("Petitioner"), who is a pretrial detainee confined at the Dauphin County Prison in Harrisburg, Pennsylvania, has petitioned the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. Nos. 1, 1-1.)  He argues that the state court violated Rule 600 of the Pennsylvania Rules of Criminal Procedure when it denied his request for release on nominal bail pending trial.  (Id.)  Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. § 2254, which is applicable to § 2241 petitions under Rule 1(b), the Court has given his petition preliminary consideration.  For the reasons set forth below, the Court will dismiss his petition.

---

[1] Petitioner names the Commonwealth of Pennsylvania as Respondent in this matter.  (Doc. Nos. 1 at 1, 1-1 at 1.)  In a habeas challenge, however, "the proper respondent is the warden of the facility where the [individual] is being held."  See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004); Anariba v. Dir. Hudson Cnty. Corr. Ctr., 17 F.4th 434, 444 (3d Cir. 2021) ("The logic of this rule rests in an understanding that the warden . . . has day-to-day control over the prisoner and . . . can produce the actual body." (citation and internal quotation marks omitted)).  Thus, the Court notes that the Warden/Superintendent of Dauphin County Prison is the proper respondent in this matter.

I.  **BACKGROUND**

On April 18, 2022, Petitioner commenced the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. Nos. 1, 1-1.)[2]  Along with the petition, he also filed a motion for leave to proceed in forma pauperis (Doc. No. 2) and his prisoner trust fund account statement (Doc. No. 3).  The Court, having reviewed Petitioner's motion for leave to proceed in forma pauperis (Doc. No. 2), as well as his trust fund account statement (Doc. No. 5), will grant him leave to proceed in forma pauperis (Doc. No. 2) and will deem his § 2241 petition (Doc. Nos. 1, 1-1) filed.

In his § 2241 petition, Petitioner alleges that he has criminal charges pending against him in the Court of Common Pleas of Dauphin County, Pennsylvania and that his trial is scheduled to begin on May 16, 2022.  (Doc. Nos. 1 ¶¶ 2-4, 1-1 ¶ 1.)  In support, he cites to the docket number of his criminal case, CP-22-CR-0003755-2021.  (Doc. No. 1 ¶ 6.)  The Court takes judicial notice of the docket sheets in his case, which are available through the Unified Judicial System of Pennsylvania Web Portal at https://ujsportal.pacourts.us/CaseSearch.  See Commonwealth v. Gorrio, CP-22-CR-0003755-2021 (Dauphin Cnty. Ct. Com. Pl., filed Sept. 7, 2021).  Those docket sheets reflect that Petitioner is awaiting trial on pending robbery charges.  (Id.)

Petitioner challenges his ongoing criminal proceedings by arguing that the state court violated Rule 600 of the Pennsylvania Rules of Criminal Procedure.  (Doc. Nos. 1 ¶¶ 12-13, 1-1 ¶¶ 11-15.)  Rule 600 is Pennsylvania's speedy trial rule.  See Pa. R. Crim. P. 600; Com. v. Bradford, 46 A.3d 693, 700 (Pa. 2012) (explaining that the Pennsylvania Supreme Court "adopted Rule 600, and its predecessor Rule 1100, to protect defendants' constitutional rights to

---

[2]  Petitioner has filed a form § 2241 petition (Doc. No. 1), as well as a handwritten petition (Doc. No. 1-1), which is attached to the § 2241 form petition.  The Court will construe his form petition and his handwritten petition to be his collective § 2241 petition.

a speedy trial under the Sixth Amendment of the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution . . ."). Under Rule 600, a defendant shall not be held in pretrial incarceration for more than one-hundred and eighty (180) days after a complaint is filed, except in cases in which the defendant is not entitled to release on bail. See Pa. R. Crim. P. 600(B)(1); Pa. R. Crim. P. 600(C) (explaining what days are included and excluded from the computation of time). In addition, the judge shall, under certain circumstances, conduct a hearing on a motion that seeks defendant's release on nominal bail pending trial. See Pa. R. Crim P. 600(D)(2).

In connection with this Rule, Petitioner alleges that he has wrongfully been held in pretrial incarceration for more than one-hundred and eighty (180) days and, specifically, for a total of two-hundred and twelve (212) days as of the date of his petition. (Doc. No. 1-1 ¶ 11.) Petitioner also alleges that the state court judge erred when he denied Petitioner's motion for release on nominal bail without conducting a bail hearing. (Id. at ¶¶ 13-15.) As a result, Petitioner seeks his immediate release from Dauphin County Prison pending his upcoming criminal trial. (Id. ¶ 15; Doc. No. 1 ¶ 15.)

Particularly relevant here, however, is that Petitioner acknowledges he did not present his federal habeas claim to the state courts. (Doc. Nos. 1 at ¶¶ 7-9, 1-1 at ¶ 15.) Petitioner, seemingly aware of the exhaustion requirement, has argued that his state court remedies should be "deemed exhausted" because a bail hearing was not held in this matter and, thus, there is "no official record or findings[.]" (Doc. No. 1 ¶¶ 7-9.) For the reasons discussed below, the Court is unpersuaded. Thus, the Court will summarily dismiss the instant § 2241 petition, but without prejudice to Petitioner refiling the same once the state court has had the opportunity to consider his arguments.

## II.     LEGAL STANDARD

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254.  Rule 4, which is applicable to § 2241 petitions under Rule 1(b), provides in pertinent part as follows: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  See Rule 4, 28 U.S.C. § 2254; Rule 1, 28 U.S.C. § 2254 (stating that "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)[,]" i.e., § 2254 petitions).

## III.    DISCUSSION

"For state prisoners, federal habeas corpus is substantially a post-conviction remedy[.]" Moore v. DeYoung, 515 F.2d 437, 441 (3d Cir. 1975) (citations omitted).  That being said, federal district courts have pretrial habeas corpus jurisdiction if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States[.]"  See 28 U.S.C. § 2241(c)(3).  As explained by the United States Court of Appeals for the Third Circuit, such pretrial jurisdiction "without exhaustion should not be exercised . . . unless extraordinary circumstances are present."  See Moore, 515 F.2d 443 (collecting cases).  And, where no extraordinary circumstances are present, federal district courts are to only exercise such pretrial jurisdiction if a petitioner makes "a special showing" of the need "to litigate the merits of a constitutional defense to a state criminal charge[,]" and the petitioner "has exhausted state remedies."  Id.

Here, the Court finds that Petitioner has not exhausted his state court remedies.  Although Petitioner argues that his remedies should be "deemed exhausted" because a bail hearing was not

held in this matter and, thus, there is "no official record or findings" (Doc. No. 1 ¶¶ 7-9), the Court is unpersuaded by this argument.  Petitioner has neither alleged nor shown that he made any attempt to exhaust state court remedies or that such state court remedies were unavailable to him.  See Baldwin v. Reese, 541 U.S. 27, 29 (2004) (explaining that, before seeking federal habeas relief, a "state prisoner must exhaust available state remedies, . . . thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights" (citations, internal citation, and internal quotation marks omitted)); Mathias v. Superintendent Frackville SCI, 876 F.3d 462, 479 (3d Cir. 2017) (explaining that, "[t]o satisfy this requirement, a petitioner must 'fairly present' his federal claim's 'factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted.'" (quoting Robinson v. Beard, 762 F.3d 316, 328 (3d Cir. 2014))).

   Thus, because Petitioner has not exhausted his state court remedies, the Court must next determine whether he has shown any extraordinary circumstances that would warrant this Court's review of his claim before the state courts have had the opportunity to do so.  The United States Court of Appeals for the Third Circuit has noted that, under the appropriate situations, extraordinary circumstances might reveal "delay, harassment, bad faith or other intentional activity[.]"  See Moore, 515 F.2d at 447 n.12.  Here, Petitioner has invoked Pennsylvania's speedy trial rule (i.e., Rule 600) and has argued that he is entitled to immediate release from incarceration pending his criminal trial.

   As a preliminary matter, the Court notes that federal district courts only have pretrial habeas corpus jurisdiction if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States[.]"  See 28 U.S.C. § 2241(c)(3).  As reflected by the instant petition, Petitioner has not cited to the Constitution or any laws or treaties of the United States.

He has instead cited to a state criminal procedure rule.  (Doc. Nos. 1, 1-1.)  Nevertheless, given that Petitioner is proceeding pro se, the Court will liberally construe his petition as raising a violation of his Sixth Amendment right to a speedy trial.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976) (explaining that pro se pleadings are held to "less stringent standards" than pleadings drafted by lawyers (citation and internal quotation marks omitted)); Workman v. Superintendent Albion SCI, 915 F.3d 928, 941 (3d Cir. 2019) (explaining that pro se habeas petitions should be "read generously" and given "liberal construction" (citations and internal quotation marks omitted)).

Even when the Court liberally construes his petition, however, the Court still finds that he has not shown any extraordinary circumstances that would warrant the Court's exercise of pretrial habeas corpus jurisdiction.  See, e.g., Moore, 515 F.2d at 446, 449 (holding that the alleged denial of petitioner's right to a speedy trial does not constitute a "per se extraordinary circumstance" as to require federal intervention prior to exhaustion of state court remedies and explaining that the petitioner would have "an opportunity to raise his claimed denial of the right to a speedy trial during his state trial and any subsequent appellate proceedings in the state courts" (internal quotation marks omitted)); Wilson v. Sec'y Pennsylvania Dep't of Corr., 782 F.3d 110, 118 (3d Cir. 2015) (recognizing that "[n]othing in the nature of the speedy trial right . . . qualif[ies] it as a *per se* extraordinary circumstance exempt from the exhaustion requirement" and thus holding that the district court did not err when it required petitioner to exhaust in state court the new claims that he had raised in his Fed. R. Civ. P. 60(b) motion, wherein he argued that he was denied his constitutional right to a speedy trial) (emphasis and alternations in original) (citation and internal quotation marks omitted)).

Thus, for all of these reasons, the Court finds that Petitioner is not entitled to the pretrial relief that he seeks in his § 2241 petition. The Court will, therefore, dismiss his petition, but without prejudice to him refiling once the state courts have had the opportunity to consider his claim. See generally Evans v. Court of Common Pleas, 959 F.2d 1227, 1234 (3d Cir. 1992), cert. dismissed, 113 S. Ct. 1071 (1993) ("In no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings.").

**IV.   CONCLUSION**

To conclude, the Court has given the instant petition preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases and that review reveals that the instant petition is subject to dismissal. Specifically, the Court finds that there are ongoing state court criminal proceedings and that Petitioner has not exhausted his state court remedies or otherwise shown any extraordinary circumstances that would warrant pretrial habeas corpus review without exhaustion. Thus, the Court will dismiss the instant petition, but without prejudice to Petitioner renewing the same after he has availed himself of the remedies afforded by state law.